Filed 12/22/25  P. v. Alexander CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiffs and Respondents,<br><br>v.<br><br>ISAIAH ALEXANDER,<br><br>    Defendant and Respondent. | 2d Crim. No. B333956<br>(Super. Ct. No. 22CR01253)<br>(Santa Barbara County) |

Appellant Isaiah Alexander challenges his conviction and sentencing, contending the trial court erred by instructing the jury regarding imperfect self-defense, imposing the upper term sentence on count 5 without making any findings as to the alleged factors in aggravation, and issuing an abstract of judgment incorrectly noting he was convicted of first-degree murder instead of second-degree murder.  We conclude the jury instructions properly stated the law, and appellant forfeited any claim they were misleading.  We agree appellant is entitled to resentencing on count 5, and the abstract of judgment must be corrected.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant was recorded on a doorbell camera burglarizing the apartment of a Santa Barbara drug dealer. Richard Cardona and Anthony Lopez were enlisted to retrieve the stolen items, so they employed a ruse to get into the hotel room where appellant was staying. At one point, Cardona told appellant he was there to get the stolen property, pulled out a firearm, and ordered appellant to the ground. Appellant reached for his firearm and a shootout ensued. Cardona fled the hotel room through a window. He ran to his van in the hotel parking lot and tried to drive away. Appellant pursued Cardona yelling that he was going to kill him. He shot at Cardona numerous times at point blank range. Once Cardona was in the van, appellant fired at him three more times. Cardona was shot once in the thigh, once in the abdomen, and once in the head. The head wound was fatal.

Appellant was charged with: first degree murder (Pen. Code §§ 187, subd. (a), 189, subd (a)[1], with allegations of the use of a firearm and discharge of a firearm causing death (§§ 12022.5, subd. (a), 12022.53, subd. (d)) (count 1); shooting at an inhabited dwelling in violation of section 246, with another use of a firearm allegation (§ 12022.5, subd. (a)) (count 2); shooting at an occupied motor vehicle in violation of section 246, with the same use of firearm allegation (§ 12022.5, subd. (a)) (count 3); first-degree residential burglary in violation of section 459 (count 4); and second-degree commercial burglary in violation of section 459 (count 5).

It was further alleged appellant had two previous strikes under the Three Strikes law (§ 667, subds. (d)(1), (e)(1), & (e)(2)(A)), that these were prior "serious felonies" (§ 667, subd.

_____

[1] Further undesignated statutory references are to the Penal Code.

(a)(1)) and that appellant was out on bail when he committed the offenses (§ 12022.1, subd. (b)).  To impose an upper-term determinate sentence (§ 1170, subd. (b)(2)), the prosecution alleged aggravating factors that appellant engaged in violent conduct indicating a serious danger to society, his prior convictions were numerous or of increasing seriousness, and he had previously served a prison term, all aggravating factors. (Cal. Rules of Court, rule 4.421(b)(1), (2), & (3))[2].

The jury found appellant guilty of the lesser included offense of second-degree murder as to count 1.  Appellant was acquitted of shooting at an inhabited dwelling in count 2 but found guilty as charged in counts 3 through 5.  The personal use and discharge of a firearm allegations were found true.

Appellant waived his right to a jury trial on his prior convictions and out on bail allegations.  The court found true appellant had committed a felony while on bail and been convicted of two prior strikes qualifying as prior serious felonies. Neither the court nor the jury found the alleged aggravating factors true.

The court sentenced appellant to an aggregate determinate term of 26 years in prison followed by an indeterminate term of 100 years to life.  As to count 5, the court sentenced appellant to a consecutive upper term of three years doubled to six years due to his prior strikes.

## DISCUSSION

### Appellant Forfeited Any Claim
### the Instructions Were Misleading

CALCRIM No. 3474 generally instructs that the right to use force in self-defense "continues only as long as the danger

---

[2] Further undesignated rule references are to the California Rules of Court.

exists or reasonably appears to exist." It adds that the right to use force ends "[w]hen the attacker withdraws" or "no longer appears capable of inflicting any injury."[3]

CALCRIM No. 571 instructs the jury regarding imperfect self-defense.[4]

Appellant contends the trial court erred by including the language of CALCRIM No. 3474 in CALCRIM No. 571. He asserts the instruction improperly precluded the jury from considering imperfect self-defense if Cardona had withdrawn. We disagree. Although including the language of CALCRIM No. 3474 in the instruction on imperfect self-defense could have been misleading, appellant forfeited any such claim because he did not make that argument below.

_____

[3] CALCRIM No. 3474 states: "The right to use force in self-defense continues only as long as the danger exists or reasonably appears to exist. [When the attacker withdraws, then the right to use force ends.]"

[4] CALCRIM No. 571 states: "A killing that would otherwise be murder is reduced to voluntary manslaughter if the defendant killed a person because he acted in imperfect self-defense. If you conclude the defendant acted in complete self-defense, his action was lawful and you must find him not guilty of any crime. The difference between complete self-defense and imperfect self-defense depends on whether the defendant's belief in the need to use deadly force was reasonable. [¶] The defendant acted in imperfect self-defense if: [¶] 1. The defendant actually believed that he was in imminent danger of being killed or suffering great bodily injury; [¶] 2. The defendant actually believed that the immediate use of deadly force was necessary to defend against the danger; [¶] BUT [¶] 3. At least one of those beliefs was unreasonable. [¶] Belief in future harm is not sufficient, no matter how great or how likely the harm is believed to be."

4

Defense counsel initially objected when the court said CALCRIM No. 3474 should be included in CALCRIM No. 571, but he conceded after the court explained its reasoning. Appellant did not request the trial court modify, clarify, or explain either instruction. If the instructions were potentially misleading, appellant's trial counsel had a duty to request a clarifying advisement to cure any potential to mislead. (*People v. Thomas* (1990) 219 Cal.App.3d 134, 145.) Failure to request clarifying instructions forfeited the claim on appeal. (*People v. Lee* (2011) 51 Cal.4th 620, 638.)

Appellant asserts forfeiture does not apply because the trial court's instruction was an incorrect statement of the law. (*People v. Hudson* (2006) 38 Cal.4th 1002, 1012.) We disagree because the instruction accurately stated the law. "An appellate court reviews the wording of a jury instruction de novo and assesses whether the instruction accurately states the law." (*People v. Mitchell* (2019) 7 Cal.5th 561, 579.) We consider jury instructions as a whole and assume jurors are intelligent and capable of understanding and correlating all jury instructions given. (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1088.)

CALCRIM No. 571 is an accurate statement of the law. It distinguishes between "complete self-defense" which renders a killing lawful, and "imperfect self-defense" which renders a killing voluntary manslaughter.

CALCRIM No. 3474 also correctly states the law. It addresses the "right to use force in self-defense," a right that exists only with complete self-defense. It does not mention imperfect self-defense. Including the language of CALCRIM No. 3474 in CALCRIM No. 571 did not result in a misstatement of the law.

*Appellant is Entitled to Resentencing on Count 5*

Appellant contends the trial court's imposition of the upper term on count 5 was improper because no aggravating circumstances were found true by a jury or the judge. We agree.

Section 1170, subdivision (b)(2) provides: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation . . . that justify the imposition of a term . . . exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. . . ." (§ 1170, subd. (b)(2).) "The burden is on the People to prove beyond a reasonable doubt the facts relied on to justify an upper term sentence." (*People v. Wiley* (2025) 17 Cal.5th 1069, 1086 (*Wiley*).)

Prior to sentencing, the prosecutor asserted the court was permitted to take judicial notice of the rule 4.421(b) aggravating factors and that those factors were not for the jury to decide. The court agreed. Defense counsel did not object. Later, after a bifurcated court trial on the special allegations, the court sentenced appellant to the upper term on count 5. There was no mention of the aggravating factors. Respondent contends appellant forfeited by failing to object and, alternatively, that any error is harmless because a single factor in aggravation is sufficient to justify a sentencing choice.

We disagree the claim is forfeited. "[U]nder the current statute [section 1170] a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established." (*People v. Lynch* (2024) 16 Cal.5th 730, 768.) Here, appellant's Sixth Amendment rights were violated because no aggravating factors were proven to a judge or jury beyond a reasonable doubt. The right to a jury trial

under the Sixth Amendment is a substantial right. No objection is required to raise this type of error on appeal. (§1259; See *People v. French* (2008) 43 Cal.4th 36, 48 ["Defendant did not forfeit his Sixth Amendment right by failing to request a jury trial on the aggravating circumstances"].)

We also find the error is not harmless.

First, we decline to speculate that the court relied upon only one aggravating factor.

Second, we cannot conclude beyond a reasonable doubt that a jury would have found each of the alleged aggravating facts true. "When a defendant is deprived of a jury trial on aggravating facts used to justify imposition of an upper term sentence, the reviewing court must apply the *Chapman* standard of review. [Citations.] Under that standard, 'a sentence imposed under . . . section 1170(b) must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute.' [Citations.] Lack of a jury trial is not harmless under *Chapman* [*v. California* (1967) 386 U.S. 18 [17 L.Ed.2d 705]] if 'the record contains evidence that could rationally lead to a contrary finding' with respect to the aggravating fact at issue." (*Wiley*, *supra*, 17 Cal.5th at p. 1087.)

Whether appellant's prior convictions are of increasing seriousness (rule 4.421(b)(2)) is an inquiry requiring a comparison and evaluation of the relationship between the prior convictions and their relative seriousness. It involves more than simply finding the convictions were sustained and what elements were required to prove them. (*Wiley*, *supra*, 17 Cal.5th at p. 1082.) Given his prior convictions occurred 16 years earlier,

7

we cannot discount the possibility that in making the determination as to increasing seriousness, a rational juror could have either placed greater emphasis on his prior offenses, or on his more recent criminal conduct. (*Id.*, at p. 1089.)

*The Abstract of Judgment Should be Corrected*

Appellant claims, and respondent concedes, the abstract of judgment should be corrected because it notes appellant was convicted of first-degree murder when he was in fact convicted of second-degree murder. We have "'the inherent power to correct clerical errors . . . so as to make these records reflect the true facts.'" (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) The abstract should be corrected and a copy forwarded to the Department of Corrections.

DISPOSITION

The matter is remanded for resentencing and correction of the abstract of judgment consistent with this opinion. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P. J.          HIPPACH, J.*

---

* Judge of the Superior Court for Santa Barbara, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8

Brian E. Hill, Judge

Superior Court County of Santa Barbara

_____

Adrian Dresel-Velasquez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and David F. Glassman, Deputy Attorney General, for Plaintiff and Respondent.